IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAN HUGHES                                                                                         PLAINTIFF

v.                                                                                       No. 2:08CV79KS-MTP

BOSTON SCIENTIFIC CORPORATION                                                    DEFENDANT

### ORDER

This matter is before the court on the Plaintiff's [40] Motion to Consolidate Cases. The court, having considered the submissions of the parties, the arguments of counsel, and the applicable law, finds that the motion should be denied. However, Plaintiff shall be granted leave to amend her complaint in this matter.

In her Motion [40], Plaintiff moves the court to consolidate this action with Civil Action No. 2:09-cv-0001-KS-MTP pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Plaintiff claims the court should consolidate the two actions because they involve the same questions of law or fact. Plaintiff maintains that the instant action is a common law products liability lawsuit arising from the malfunction of a Hydro ThermAblator ("HTA") which caused her personal injury. The second action, No. 2:09-cv-0001-KS-MTP, arises from the same malfunction of the HTA and the same injuries suffered by Plaintiff, but asserts a negligence *per se* claim and seeks a declaratory judgment from the court that Boston Scientific did not properly attain and/or comply with the rules and regulations necessary to obtain its Class III medical device approval for the HTA.

Applying Rule 42 of the Federal Rules of Civil Procedure, the court concludes that Plaintiff's [40] Motion to Consolidate Cases should be denied as, even if consolidated, the

1

maintenance of two actions involving the same parties, facts and circumstances would be confusing and unnecessary. However, the court finds that Plaintiff should be granted leave to amend her complaint to add the negligence *per se* claim in this action.

Courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). The Fifth Circuit has set forth five factors to consider in granting a motion to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

While the amendment comes well after the deadline set forth in the Case Management Order [5], such delay was not due to bad faith or dilatory motive. *See* Plaintiff's Motion [36] at p.4, n.1. Moreover, no substantial or undue prejudice will result from the amendment. To date, only minimal discovery has been completed, the Defendant's Rule 30(b)(6) deposition has not been taken, and no experts' depositions have been taken. Further, while the amendment might extend the scope of discovery on the additional claim, any additional discovery would have been performed in a separate action, No. 2:09-cv-0001-KS-MTP, if this amendment were not allowed.[1]

The court, in granting leaving to amend, in no way expresses an opinion as to whether the claims sought to be asserted in the amended complaint are actionable, viable or meritorious. Additionally, as leave to amend has been granted, there is good cause to amend the case management order to allow sufficient time for the parties to develop their claims or defenses.

---

[1]Plaintiff has indicated she will dismiss the second suit if she is granted leave to amend her complaint in this action.

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's [40] Motion to Consolidate Cases is DENIED;

2. That Plaintiff is granted leave to amend her complaint and shall do so on or before February 13, 2009; and

3. That an amended case management order will be entered setting forth new deadlines established with the input of all parties.

SO ORDERED AND ADJUDGED this the 30th day of January, 2009.

                                  s/ Michael T. Parker
                                  United States Magistrate Judge