**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

JAN HUGHES                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:08cv79-KS-MTP

BOSTON SCIENTIFIC CORPORATION                                               DEFENDANT

**ORDER**

THIS MATTER is before court on the Plaintiff's Third Motion to Compel Discovery [99]. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [99] should be denied.

In her Motion [99], Plaintiff seeks the production of FDA Audit Documents.[1] Plaintiff claims these documents were requested in her previous requests for production of documents served in this case, specifically Requests 7 and 12, and were again requested during the Rule 30(b)(6) deposition of Boston Scientific Corporation. Plaintiff alleges that Defendant agreed to produce these documents during the deposition, but later refused to do so. In its Response [104], Defendant claims it did agree to produce supplemental documents, but did not specifically agree to produce the FDA Audit documents.[2] Defendant claims that the documents in dispute are irrelevant and not likely to lead to the discovery of admissible evidence.

Local Rule 26.1(B) provides that discovery requests must be propounded sufficiently in

---

[1] Specifically, Plaintiff seeks any Form 483s issued by the FDA in connection with the April 2008 inspection of the Boston Scientific facility located in Marlborough, Massachusetts, any correspondence related to the inspection, and any Corrective Action and Preventative Action reports instituted by Boston Scientific in response to the FDA inspection.

[2] In its Response [104], Boston Scientific states that it produced another 3,000 pages of documents after the deposition.

advance of the discovery deadline so that all responses will be due and all depositions concluded by the discovery deadline. *See* Uniform District Court Rules, 26.1(B)(1) and (2); *see also Barnett v. Tree House Café, Inc*., No. 5:05-cv-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006). Moreover, discovery motions must be filed sufficiently in advance of the discovery deadline so as not to affect the deadline, as required by Local Rule 7.2(B)(2). *See Applewhite v. United States*, No. 3:07-cv-162-WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 07, 2008) (denying motion to compel as untimely under Local Rule 7.2(B)(2)); *Seiferth v. Helicopteros Atuneros*, No. 4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008).

On June 4, 2008, the court held a case management conference and set a discovery deadline of January 5, 2009. (Case Mgt. Order [5].) From June 5, 2008, to September 25, 2008, Plaintiff propounded no discovery. Instead, on September 25, 2008, Plaintiff filed an unopposed Motion [14] to amend the case management order by pushing the expert designation deadlines and the discovery and motion deadlines back by sixty (60) days. By Order [15] of September 25, 2008, the court denied the motion finding that while mediation is encouraged, the parties' unilateral decision to suspend discovery despite the deadlines imposed by the Case Management Order did not constitute good cause.

The parties requested a status conference and same was held on September 29, 2008. During the conference, the court extended the expert designation deadlines for each party. The case track, the discovery and motions deadlines and the trial date remained unchanged. During the conference, the parties were reminded of their duty to conduct discovery within the deadlines regardless of whether there was a mediation scheduled.

Despite the court's reminder, there was no discovery activity for a full month after the conference until, on October 28, 2008, Plaintiff propounded certain requests for production of documents. (Notice [16].) Ten days later (November 6, 2008), Plaintiff filed a Motion [19] to convert case track and to propound additional discovery. By Order [22] dated November 18, 2008, the court denied the motion, finding that Plaintiff failed to show good cause to expand discovery to a complex level approximately 45 days prior to the discovery deadline, especially considering that Plaintiff had conducted virtually no discovery at the time.

On January 30, 2009, the court entered an Order [44] denying Plaintiff's motion to consolidate cases but granting her leave to amend her complaint.[3] Based on the impending amendment, the court entered an Amended Case Management Order [45], setting new case deadlines. Specifically, the court set an extended discovery deadline of July 1, 2009, and a motions deadline of July 15, 2009, and scheduled the final pretrial conference for November 12, 2009, and the trial for December 7, 2009. (Am. Case Mgt. Order [45].)

On July 10, 2009, Defendant filed a Motion [78] to Amend/Correct Amended Scheduling Order, claiming the parties needed additional time to complete expert discovery. On July 23, 2009, after a hearing on the matter, the court entered an Order [82] granting the motion in part and denying it in part. The court extended the discovery deadline to August 15, 2009, **for the sole purposes of completing production of certain records by Boston Scientific as**

---

[3]In the interim, Plaintiff filed a second lawsuit against Boston Scientific arising out of the same incident. *See Jan Hughes v. Boston Scientific Corp.*, Civil Action No. 2:09-cv-0001-KS-MTP. The Order [44] granted Plaintiff leave to assert the same claims in this lawsuit that she had asserted in the second lawsuit, thereby rendering moot any need to consolidate the two cases. The second lawsuit was then voluntarily dismissed by agreed order. *See* Agreed Order [10], Civil Action No. 2:09-cv-0001-KS-MTP.

**previously ordered[4] and completion of the depositions of Dr. Kyper, Mr. Reese, and Mr. Sheridan.** The order specifically stated that **no further discovery would be permitted.** (Order [82].)

The instant motion to compel filed by Plaintiff, which is the third of its kind, was filed almost two months after the discovery deadline and a month and a half after the motions deadline. Accordingly, the motion was not filed sufficiently in advance of the discovery deadline so as not to affect the deadline, as required by Local Rule 7.2(B)(2), and was also filed after the motions deadline.[5]

The court recognizes that the documents at issue were arguably responsive to document requests that were timely propounded, and that Plaintiff claims she did not know of the documents until she conducted the last-minute corporate deposition of Defendant on June 23-25, 2009.[6] However, the court addressed discovery issues with the parties during a telephonic hearing on July 23, 2009, nearly a full month after the deposition was taken. Plaintiff did not move to compel or seek court intervention at that time.

The parties have a duty to timely follow-up on discovery requests and timely move to compel when necessary. In *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001), Judge Barbour wrote,

---

[4]The documents referenced in the order are not at issue here.

[5]In its Order [82] of July 23, 2009, the court extended the deadline for filing *Daubert* motions to August 29, 2009. However, the Order clearly stated , "The deadline for filing other motions has expired and no further extension is granted."

[6]The extended discovery deadline expired a few days later on July 1, 2009.

Obviously, problems can arise and the Court should be reasonable in working with the attorneys where necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. **If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failures of the other party to respond, even if that failure is in bad faith.** (emphasis added).

In the case before the court, the discovery deadline (as extended or modified) has passed, the motions deadline (as extended) has passed, the Defendant's motion for summary judgment is fully briefed, and trial is just over two months away. At some point, discovery must end. After several extensions of the case deadlines and long after the relevant deadlines have expired, this case has reached that point. Otherwise, the case management process is rendered meaningless. Accordingly, Plaintiff's motion should be denied. *See Turnage v. General Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992) (affirming district court's denial of plaintiff's request to inspect circuit breaker based on "(i) the imminence of trial, (ii) the impending discovery deadline, and (iii) Turnage's failure to request an inspection earlier"). In *Turnage*, the Fifth Circuit further held, "No matter how much we might believe that allowing the inspection might have been helpful-perhaps decisively so-or that such an allowance would not have adversely affected the imminent trial, we cannot find that the district court abused its discretion in denying the request").

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [99] is DENIED.

SO ORDERED this the 17th day of September, 2009.

s/ Michael T. Parker  
United States Magistrate Judge